IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY JACOB KLINE,

        Plaintiff,

vs.                                                                                                                No. CIV 15-0175 JB/CG

STATE OF NEW MEXICO,

        Defendant.

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S MOTION UNDER RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**THIS MATTER** comes before the Court on Plaintiff Jeremy Kline's Motion: Set Aside Dismissal of this Case/Proceed with Case Action, filed August 3, 2015 (Doc. 16)("Motion"). Kline filed his complaint on February 27, 2015. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 27, 2015 (Doc. 1)("Complaint"). On April 30, 2015, the Court dismissed the Complaint for Kline's failure to: (i) update his address with the Clerk of the Court; and (ii) respond to its Order to Show Cause, filed April 8, 2015 (Doc. 10)("Order to Show Cause"). See Order of Dismissal at 1, filed April 30, 2015 (Doc. 13)("Order of Dismissal"). Kline asks the Court to reconsider its Order dismissing his case for the sole reason that he was released from the Metropolitan Detention Center in March 2015 and did not receive any mail from the Clerk of the Court related to this litigation.

A party may object to an order or decision through a motion to alter or amend the judgment within twenty-eight days after the judgment is entered, pursuant to rule 59(e) of the Federal Rules of Civil Procedure. Regardless how it is styled, a post-judgment motion that is filed within twenty-eight days of the final judgment which questions the judgment's correctness is properly construed as a rule 59(e) motion. See Venable v. Haislip, 721 F.2d 297, 299 (10th Cir.

1983)(discussing rule 59(e) in the context of the pre-2009 Amendment to the Rules). If the motion is filed outside of the twenty-eight-day deadline, as was the case here, it is considered a motion for relief from judgment under rule 60(b). See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). The Court will therefore consider Kline's Motion as a request for relief from a final judgment, order, or proceeding pursuant to rule 60(b).

A rule 60(b) motion for relief from a judgment or order should only be granted for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (iii) an opposing party's fraud, misrepresentation, or misconduct; (iv) the judgment is void; (v) the judgment has been satisfied, released or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (vi) any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

On February 27, 2015, Kline filed his Complaint with this Court. See Complaint at 1. A court filing mailed to Kline at the address he provided at Metropolitan Detention Center was returned to the Clerk of the Court on April 7, 2015, with a notation that Kline was no longer in custody. See Mail Returned as Undeliverable (Not in Custody), filed April 7, 2015 (Doc. 9). The following day the Court ordered Kline to show cause why the Court should not dismiss his complaint, on the grounds that Kline failed to notify the Court of a change of his address in compliance with D.N.M.LR-Civ. 83.6. See Order to Show Cause at 1. The Court also ordered Kline to notify the Clerk in writing of his current address by April 27, 2015 "or otherwise show cause why this action should not be dismissed." Order to Show Cause at 1. Kline failed to

respond, and on April 30, 2015, the Court dismissed his Complaint, because he did not comply with the Court's Order and D.N.M.LR-Civ. 83.6.  See Baker v. Suthers, No. 00-1332, 9 F. Appx. 947, 949 (10th Cir. June 5, 2001)(Brorby, J.)(unpublished).[1]

Now, Kline requests relief from the Court's order dismissing this case for the sole reason that he did not receive the Order to Show Cause because he was released from Metropolitan Detention Center on March 15, 2015.  See Motion at 1.  He explains that he was not informed of the status of his case, because he did not receive the Orders that the Clerk sent to him inquiring about his new address and dismissing his case.  See Motion at 1-2.  He also lists two different current addresses in the Motion, indicating that he is now in custody at Metropolitan Detention Center, but that he also has a "current home address" outside of the detention center.  Motion at 1.

Kline does not argue that he attempted to comply with D.N.M.LR-Civ. 83.6 and was somehow thwarted.  He merely acknowledges that he was released from prison and did not receive the Court's orders as a result of not changing his address with the Clerk.  Thus, Kline has not provided any reason that would permit the Court to grant relief under rule 60(b).  The Federal

---

[1] Baker v. Suthers is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Baker v. Suthers, No. 00-1332, 9 F. Appx. 947, 949 (10th Cir. June 5, 2001)(Brorby, J.)(unpublished) has persuasive value with respect to material issues and will assist the Court in its preparation of this MOO.

Rules of Civil Procedure allow a district court to dismiss an action for failure to comply with a court order.  See Fed. R. Civ. P. 41(b).  Kline does not suggest or allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; that the judgment is void; that the judgment has been satisfied, released or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or any other compelling reason that otherwise would justify the extraordinary relief he has requested.

Kline has failed to demonstrate that he is entitled to relief from the Court's previous order dismissing his complaint.   Upon review of the docket, the Order to Show Cause, and the Order of Dismissal, the Court finds no error or other reason to grant relief under rule 60(b).   Moreover, the Court dismissed the Complaint without prejudice; if Kline wants to re-file, he may do so.

**IT IS ORDERED** that the Plaintiff's Motion: Set Aside Dismissal of this Case/Proceed with Case Action, filed August 3, 2015 (Doc. 16), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Nick J. Gonzales
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*